## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| William M. Craig, III and Tina Craig,<br><br>Plaintiffs,<br><br>v.<br><br>Sauer Brands, Inc., Chad Clardy and Winston Parks,<br><br>Defendants. | Civil Action No.:  _____<br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Sauer Brands, Inc., Chad Clardy, and Winston Parks ("Defendants") remove the above-captioned action (Case Number 2022-CP-42-00757) currently pending in the Court of Common Pleas for Spartanburg County, South Carolina to the United States District Court for the District of South Carolina, Spartanburg Division. Defendants base their removal on 28 U.S.C. § 1332, and as grounds for removal, Defendants state the following:

### BACKGROUND

1.      William M. Craig, III and Tina Craig ("Plaintiffs") commenced this action on or about March 4, 2022, by serving Defendants with a Summons and Complaint filed in the Court of Common Pleas for Spartanburg County, South Carolina (the "State Court Action"). The State Court Action was assigned case number 2022-CP-42-00757.

2.      Plaintiffs allege multiple causes of action for: negligence/gross negligence, strict liability, and two counts of vicarious liability. In the Complaint filed on March 4, 2022, Plaintiffs prayed for actual and punitive damages in an amount to be determined by a jury. Upon information

HSB 7192243 v.1

and belief, Plaintiffs seek damages in excess of $75,000, and this case is therefore removable to federal court.

3.    Removal to this court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). Defendants file this Notice of Removal in the United States District Court for the District of South Carolina, Spartanburg Division, which is the District Court of the United States for the district and division embracing the state court where the State Court Action is pending.

4.    Removal is timely, as Defendant Winston Parks was served with Plaintiffs' Amended Complaint on March 26, 2022. Defendant Sauer Brands, Inc. was served with Plaintiffs' Amended Complaint on March 28, 2022. Defendant Chad Clardy was served with Plaintiffs' Complaint on March 14, 2022. Defendants are filing this Notice of Removal with the United States District Court for the District of South Carolina on April 8, 2022.

5.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

6.    Defendants have met all other procedural requirements.

a.    Appended hereto in **Exhibit A** are copies of all process, pleadings, and orders served upon Defendants in the State Court Action, namely, the Summons and Complaint, Amended Summons and Complaint, and all Certificates/Proofs of Service. Additionally, at the time of filing this Notice of Removal, Defendants attach their Answer to Plaintiffs' Amended Complaint filed in the Spartanburg County Court of Common Pleas.

b.    Defendants will also file this Notice of Removal with the Clerk of Court for Spartanburg County Court of Common Pleas.

HSB 7192243 v.1

## STATUTORY REQUIREMENTS

7.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) there is complete diversity of citizenship between Plaintiffs and Defendants and (b) the total amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Diversity of Citizenship

8.    Diversity of citizenship exists between Plaintiffs and Defendant Sauer Brands, Inc. pursuant to 28 U.S.C. § 1332(a)(1), both at the time Plaintiffs filed the State Court Action and at the time of this removal.

9.    Plaintiffs are citizens and residents of the State of South Carolina (Complaint ¶¶ 1 and 2).

10.    Defendant Sauer Brands, Inc. is a corporation organized and existing pursuant to the laws of Delaware with its principal place of business located in Virginia. Thus, Defendant is a citizen of both Delaware and Virginia for removal purposes. *See* 28 U.S.C. § 1332(c)(1) (defining corporate citizenship).

11.    Defendant Sauer Brands, Inc. is not a citizen of South Carolina, where Plaintiffs brought the State Court Action. *See* 28 U.S.C. § 1441(b).

12.    Defendants Winston Parks and Chad Clardy ("Parks" and "Clardy") are individuals residing in South Carolina. However, they are not parties in interest who have been "properly joined and served," 28 U.S.C. 1441(b)(2). Parks and Clardy are "sham" defendants because "there is no possibility that [Plaintiffs] would be able to establish a cause of action against [Parks and Clardy] in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)). Accordingly, this Court may "disregard, for jurisdictional purposes, the citizenship of [Parks and Clardy], assume jurisdiction

over [the] case, dismiss [Parks and Clardy], and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC.* 781 F.3d 693, 704 (4th Cir. 2015).

13.    Because Plaintiffs and Defendant Sauer Brands, Inc., the only properly joined defendant, are citizens of different states, "complete diversity" is satisfied under 28 U.S.C. 1332. *Id.*

### B.    Jurisdictional Amount

14.    The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

15.    In light of the claims asserted, it is clear to a legal certainty, or at least within a reasonable probability, that the amount in controversy exceeds $75,000.

   a.    <u>Actual Damages</u>.  Plaintiffs allege that Mr. Craig sustained significant second and third-degree burns to a substantial portion of his body, and as result Mr. Craig suffers from tingling sensations due to the slow restoration of sensation and the scarring of skin (Complaint ¶ 28). Additionally, Plaintiffs allege that Mr. Craig suffered from psychological issues resulting from the incident (Complaint ¶ 29). As to Mrs. Craig, Plaintiffs allege that the incident caused her stress, as well as caused her to miss countless hours of work to tend to her husband and to assist in providing him the necessary care to attempt to treat his wounds and burns. As such, Plaintiffs seek damages for Mr. Craig of "loss of enjoyment of life, pain and injury, medical expense[s], and impairment" and for Mrs. Craig of "loss of consortium, loss of society, affection, assistance, and conjugal fellowship" (Complaint ¶¶ 33,51). Based upon the asserted actual damages, the amount in controversy exceeds $75,000 to a legal certainty and certainly within a reasonable probability.

b.    <u>Punitive Damages</u>.  In addition to actual and statutory damages, Plaintiffs seek to recover unspecified punitive damages (Complaint ¶ WHEREFORE).  When considering an award of punitive damages in light of the allegations concerning the Defendants negligence, it is clear that the amount in controversy exceeds $75,000 to a legal certainty or within a reasonable probability.

**C.    The Resident Defendants Have Been Fraudulently Joined**

16.    "Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *McKinney v. Bd. Of Trs. of Mayland Cmty. Coll.,* 955 F.2d 924, 928 (4th Cir. 1992) (internal quotation marks omitted). "[B]y providing removal in the first place, Congress seems to believe that the defendant's right to remove a case that could be heard in federal court is at least as important as plaintiff's right to forum of his choice." *Id.,* This statutory right should not be "easily overcome by tactical maneuvering by plaintiffs." I*d.,* at 927.

17.    Here, Plaintiffs have engaged in tactical maneuvering by fraudulently joining in-state, nondiverse defendants Winston Parks and Chad Clardy in an attempt to deprive Defendant Sauer Brands, Inc. of its right to remove this lawsuit to federal court. The fraudulent joinder doctrine applies to these Defendants and they should not be considered when assessing this Court's jurisdiction.

18.    The fraudulent joinder doctrine is an exception to the general rule that complete diversity of citizenship is required to confer diversity subject matter jurisdiction on a federal court. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th

Cir. 1999) (citing *Cobb v. Delat Exports, Inc.,* 186 F.3d 675, 677–78). To establish fraudulent joinder, the removing defendant must show that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley,* 187 F.3d at 424 (quoting *Marshall,* 6 F.3d at 232). A removing defendant satisfies the "no possibility" standard by demonstrating that there is "no reasonable basis for predicting that state law might impose liability on the facts involved." *Bass v. Nissan N. Am., Inc.,* 228 F. App'x 331, 335 (4th Cir. 2007) (internal quotation marks omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002)); *see also Floyd v. Ford Motor Co.,,* No. C.A. 105-3090-MBS, 2006 WL 1049255, at *2 (D.S.C. Apr. 18, 2006) ("While the court will not require a defendant to negate all possibility of recovery, the court must ascertain whether there is a reasonable basis for predicting liability based on the claims alleged.")

19.    Plaintiffs allege that Mr. Craig was injured when he tripped and fell into chemicals which were spilled onto the floor of Sauer Brand's CIP system room on November 16, 2019 (Complaint ¶¶ 11 and 13).  Plaintiffs' claims for negligence and strict liability against Chad Clardy, the Plant Manager, and Winston Parks, the Plant Supervisor, are exactly the same as against Sauer Brands, Inc.  Furthermore, Plaintiffs even allege vicarious liability on the part of Sauer Brands, Inc. for the alleged actions or omissions of Mr. Parks and Mr. Clardy. There is no reasonable basis to believe that Parks and Clardy could be liable for the claims asserted against them and, therefore, their citizenship should be disregarded for jurisdictional purposes.

20.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

WHEREFORE, this action should proceed in the United States District Court for the District of South Carolina, as an action properly removed thereto.

**HAYNSWORTH SINKLER BOYD, P.A.**

s/Roopal S. Ruparelia
Roopal S. Ruparelia (Fed ID No. 7685)
1201 Main Street, 22nd Floor
Post Office Box 11889 (29211-1889)
Columbia, South Carolina 29201
(803) 779.3080 - telephone
(803) 765.1243 - fax
rruparelia@hsblawfirm.com

April 8, 2021
Columbia, South Carolina

*Counsel for Defendants Sauer Brands, Inc.,*
*Chad Clardy, and Winston Parks*

HSB 7192243 v.1